IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN E. COLEMAN, JR.,

      Plaintiff,

                CIVIL ACTION
  vs.             No. 05-3364-SAC

CRAWFORD COUNTY DETENTION CENTER, et al.,

      Defendants.


**ORDER**

  Before the court is a pro se complaint filed under 42 U.S.C. 1983 by a prisoner confined in the Crawford County Detention Center in Girard, Kansas, seeking damages for the alleged violation of his rights under the First and Eighth Amendments. Plaintiff alleges a breakfast served to him in August 2005 contained pork with no alternative breakfast offered that morning. Plaintiff also appears to claim he was denied medical care in September 2005 to address back pain and an eye cyst.[1]

  Having reviewed plaintiff's allegations, the court finds a greater showing of plaintiff's exhaustion of administrative

---

[1] Plaintiff also documents the same two claims against the same named defendants in a complaint captioned for filing in Crawford County District Court. If such an action is pending, dismissal fo the present action may be warranted pursuant to the abstention doctrine in Younger v. Harris, 401 U.S. 37 (1971). *See* Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997)(conditions for invoking Younger doctrine include ongoing state proceedings offering an adequate forum to hear plaintiff's federal claims), *cert. denied*, 523 U.S. 1005 (1998).

remedies is required to avoid dismissal of the complaint without prejudice under 42 U.S.C. 1997e(a).

The Prison Litigation Reform Act, signed into law on April 26, 1996, amended 42 U.S.C. 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* Booth v. Churner, 531 U.S. 956 (2001)(section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, plaintiff states he did not receive an answer to the grievance he submitted regarding the August breakfast, but plaintiff's documented written statement that he received no answer is dated the same date as the date of the grievance. This bare statement is insufficient. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"). Additionally, plaintiff does not address any exhaustion of administrative remedies on his medical claim. *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted

and unexhausted claims is to be dismissed).

Because the language of 42 U.S.C. 1997e(a) expressly requires full exhaustion of administrative remedies prior to a prisoner bringing a suit in the federal courts, the court grants plaintiff the opportunity to demonstrate his compliance with this statutory requirement.  The failure to file a timely response may result in the complaint being dismissed without prejudice, and without further notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days from the date of this order to supplement his complaint to avoid dismissal of the complaint without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 29th day of September 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge