IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN E. COLEMAN, JR.,

       Plaintiff,

                CIVIL ACTION
  vs.              No. 05-3364-SAC

CRAWFORD COUNTY DETENTION CENTER, et al.,

       Defendants.


### ORDER

  Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 seeking damages for the alleged violation of his rights under the First and Eighth Amendments during his confinement in the Crawford County Detention Center in Girard, Kansas. Plaintiff alleges a breakfast served to him in August 2005 contained pork contrary to his religious beliefs and practices, with no alternative breakfast offered for that meal. Plaintiff also claims he was denied medical care in September 2005 to address back pain and an eye cyst.

  After reviewing plaintiff's allegations, the court directed plaintiff to show cause why the complaint should not be dismissed without prejudice because plaintiff had not demonstrated full exhaustion of administrative remedies on both claims. The court further noted plaintiff's submission of a pleading which suggested that plaintiff was pursuing relief in state courts on at least one of the same claims.

In response, plaintiff filed[1] supplements to the complaint (Docs. 4 and 6). The first supplement provides affidavits by three other prisoners concerning the service of a breakfast tray to plaintiff on August 20, 2005, which contained pork, with no remedial action or alternative food offered for that meal.[2] In the second supplement, plaintiff broadly argues sufficient exhaustion of administrative remedies on all claims presented in his complaint to the federal court, as required by 42 U.S.C. § 1997e(a). The court does not agree.

Plaintiff cites a single unanswered grievance regarding the breakfast served on August 20, 2005, the guard's verbal response at the time, and a facility response to plaintiff's grievance regarding the alleged mishandling of plaintiff's mail. This falls well below the pleading requirements imposed by Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003). *See* id. at 1210(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004). Even if plaintiff's single grievance regarding his breakfast on August 20, 2005, could

---

[1] The court grants plaintiff's motion for leave to file a supplement to the complaint (Doc. 6).

[2] Plaintiff submitted a pleading (Doc. 5) which addresses claims asserted in other cases plaintiff filed in the federal and state courts. This pleading includes copies of responsive pleadings he filed to defendants' motion to dismiss the complaint in plaintiff's state court action. The court finds nothing in these documents concerning the two specific allegations asserted in the instant complaint.

be presumed sufficient, plaintiff fails to address his apparent failure to pursue any formal administrative remedies on his medical claim.  *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).  The court thus concludes the complaint should be dismissed without prejudice.

Plaintiff also filed a motion (Doc. 9) which the court liberally construes as plaintiff's acknowledgment that his pending state court action provides an adequate remedy for resolution of his claims.  *See* Younger v. Harris, 401 U.S. 37 (1971)(stating federalism and comity concerns for abstention when there is an ongoing state action); Huffman v. Pursue, Ltd., 420 U.S. 592 (1975)(extending Younger doctrine to civil proceedings).  *See also* D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004)(Younger doctrine extends to federal claims for monetary relief when judgment for the plaintiff would have preclusive effect on a pending state-court proceeding), *cert. denied*, 125 S.Ct. 2305 (2005).  Because the court finds dismissal of the complaint is appropriate under 42 U.S.C. § 1997e(a), the court does not decide whether a stay would be warranted under the Younger doctrine in this case.

Plaintiff further seeks a court order granting him leave to re-file his complaint in federal court if his state court action is resolved against him.  No leave of the court is required for plaintiff to re-file his complaint in federal court, but any re-

filed complaint will be subject to the doctrines of res judicata and collateral estoppel if plaintiff seeks relief from the same parties on claims that were or could have been asserted in his state court action.  Additionally, the screening requirements in 28 U.S.C. § 1915A, and the exhaustion requirement imposed by 42 U.S.C. § 1997e(a), would apply to any re-filing of the complaint in federal court if plaintiff were a prisoner at the time.  Thus to the extent plaintiff seeks a court order excusing any future re-filing of his complaint from these legal doctrines and statutory screening requirements, such a request is denied.

Also, to the extent plaintiff asks this court to "oversee" his action in Crawford County District Court to ensure compliance with state law and state court rules, the court denies this request. Plaintiff's remedy for any error in his state court proceeding lies in the state appellate courts.  This court's mandamus power does not extend to state court officials.  *See* 28 U.S.C. § 1361(U.S. district court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff")(emphasis added).  This court has no authority to issue such a writ to "direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)(*quoting* Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970)).

IT IS THEREFORE ORDERED that plaintiff's motion to supplement the complaint (Doc. 6) is granted, and that plaintiff's motion for

4

an order (Doc. 9) is denied.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2), and motion for appointment of counsel (Doc. 7), are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 23rd day of February 2006 at Topeka, Kansas.


                                            s/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge